UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL N. KELSEY,

                         Plaintiff,

            -against-

MARIA ROSA, et al.,

                         Defendants.

**<u>ORDER</u>**

24-CV-05179 (PMH)

PHILIP M. HALPERN, United States District Judge:

Michael Kelsey ("Plaintiff"), proceeding *pro se*, brings this action against Maria Rosa, Jessica Segal, Francesca Connolly, Joseph Maltese, Linda Christopher, Carl Landicino, Zaira Serrano, Sheila Jackson, Sabrina Wynns, Christopher Miller, Joy Johnson, Lamarr Banks, Veronica Ahumada, Christi Acker, and New York State Department of Corrections and Community Supervision ("DOCCS" and collectively, "Defendants"), challenging the constitutionality of certain post-release supervision conditions. (Doc. 13).

On December 9, 2024, the Court granted Defendants leave to move to dismiss the complaint. (Doc. 35). Defendants filed their motion to dismiss on January 30, 2025. (Docs. 44-48). Pursuant to the briefing schedule and extension of time granted by the Court, Plaintiff's opposition brief is due by March 5, 2025, and Defendants' reply is due by March 17, 2025. (Doc. 39).

On January 30, 2025, Plaintiff filed a letter seeking the issuance of a temporary restraining order prohibiting DOCCS personnel from holding a revocation hearing and/or prohibiting Defendants from testifying at any hearing held prior to the Court's resolution of the motion to

dismiss in this case.[1] (Doc. 43). Defendants opposed Plaintiff's request for a temporary restraining order on February 5, 2025 (Doc. 50), Plaintiff filed a letter in reply to Defendants' opposition on February 18, 2025 (Doc. 53), and the Court held a telephonic conference on the matter on February 18, 2025. The Court construes Plaintiff's initial letter (Doc. 43, "Pl. Ltr.") as his motion for a temporary restraining order, Defendants' response letter (Doc. 50, "Def. Ltr.") as their opposition, Plaintiff's subsequent letter as his reply (Doc. 53, "Pl. Reply"), and considering the parties' arguments made at the conference, DENIES the motion for a temporary restraining order. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011); *see also Brown v. New York*, 2022 WL 221343, at *2 (2d Cir. Jan. 26, 2022).

## ANALYSIS

"It is well established that in this Circuit the standard for an entry of a [temporary restraining order] is the same as for a preliminary injunction." *Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020) (quoting *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008)). "A preliminary injunction 'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007). "When a preliminary injunction will affect government action taken in the public interest pursuant to a statute or regulatory scheme, the moving party must demonstrate (1) irreparable harm absent injunctive relief, (2) a likelihood of success on the merits, and (3) public interest weighing in favor of granting the injunction."[2] *Keil v. City of New York*, No. 21-3043, 2022 WL 619694, at *1 (2d Cir. Mar. 3, 2022).

---

[1] Pursuant to Rule 4(F) of this Court's Individual Practices, a motion for a temporary restraining order should be brought by Order to Show Cause. However, as discussed *infra*, the Court construes Plaintiff's letter as his motion for a temporary restraining order.

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

"The typical preliminary injunction is prohibitory and generally seeks only to maintain the status quo pending a trial on the merits." *Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 34 (2d Cir. 1995). "A mandatory injunction, in contrast, is said to alter the status quo by commanding some positive act." *Id*. "This distinction is important because [the Second Circuit has] held that a mandatory injunction should issue 'only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.'" *Id*. "In other words, the movant is held to heightened standard and must show a 'clear' or 'substantial' likelihood of success on the merits, and must make a 'strong showing' of irreparable harm, in addition to showing that the preliminary injunction is in the public interest." *Isaac v. Schiff*, No. 21-CV-11078, 2022 WL 3290679, at *1 (S.D.N.Y. Aug. 11, 2022) (quoting *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015)); *see also JTH Tax, LLC v. Agnant*, 62 F.4th 658, 667 (2d Cir. 2023) ("A heightened standard is imposed, in part, because injunctions of those sorts tend to be particularly burdensome to the defendants subject to them."). "The 'clear' or 'substantial' showing requirement—the variation in language does not reflect a variation in meaning—thus alters the traditional formula by requiring that the movant demonstrate a greater likelihood of success." *Tom Doherty Assocs.*, 60 F.3d at 34.

Here, Plaintiff was on post-release supervision following his 2016 conviction when he was arrested on December 5, 2023 for eight alleged violations of his parole conditions. (Pl. Ltr. at 1; Def. Ltr. at 1). Plaintiff was released on December 22, 2023, pending disposition of the revocation proceedings. (*Id*. at 1). After several adjournments, Plaintiff's final revocation hearing has been scheduled to proceed on February 27, 2025. (*Id*. at 1-2; Pl. Ltr. at 2). Plaintiff now seeks the issuance of a temporary restraining order prohibiting DOCCS personnel from holding the final revocation hearing and/or prohibiting Defendants from testifying at any hearing prior to the

3

resolution of the motion to dismiss in this action.[3] (Pl. Ltr. at 1). Given that Plaintiff seeks to prohibit Defendants from holding or participating in the parole revocation hearing, the Court applies the standard for prohibitory injunctions, and not the heightened standard for mandatory injunctions, in reviewing Plaintiff's motion.

Defendants argue that Plaintiff's motion for a temporary restraining order fails because Plaintiff has not made a sufficient evidentiary showing to justify relief and, in any event, the Court should abstain from entertaining such relief pursuant to the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). (Def. Ltr. at 1). The Court agrees.

I.    <u>Irreparable Harm</u>

"The burden of proof and persuasion rests squarely on the party moving for a preliminary injunction to show that irreparable harm is likely." *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 34 (2d Cir. 2015). To satisfy their burden to show irreparable harm, "plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *JTH Tax*, 62 F.4th at 672 (affirming the district court's holding that plaintiff failed to show irreparable harm where plaintiff "presented no evidence that [defendant's] continuing operations would irreparably harm its goodwill, client relationships, or ability to compete in the geographic area").

---

[3] Generally, "*[p]ro se* litigants are afforded a special solicitude," which includes reading their filings "to raise the strongest arguments they suggest." *Mortimer v. City of New York*, No. 15-CV-07186, 2018 WL 1605982, at *9 (S.D.N.Y. Mar. 29, 2018). However, an attorney, even one who has been disbarred, is not entitled to the "special solicitude" afforded to *pro se* litigants in construing the arguments in their filings. *United States v. Pierce*, 649 F. App'x 117, 118 n.1 (2d Cir. 2016); *Mitchell v. Con Edison*, 531 F. App'x 140, 141 (2d Cir. 2013); *Allegrino v. Ruskin Moscou Faltischek, P.C.*, No. 19-CV-08900, 2021 WL 429121, at *5 (S.D.N.Y. Feb. 8, 2021), *aff'd*, 2021 WL 5500084 (2d Cir. Nov. 24, 2021). Plaintiff, a disbarred attorney, is not entitled to special solicitude. *See Kelsey v. Rutledge*, No. 21-CV-04298, 2022 WL 2110436, at *3 (S.D.N.Y. June 10, 2022).

Plaintiff maintains that he will be "gravely harmed should [his] post-release supervision be rescinded and/or [he] be returned to prison based on parole conditions that are later deemed to have been unconstitutional on their face and by application." (Pl. Ltr. at 2). Defendants argue that even assuming that revocation with a sanction of incarceration constitutes irreparable harm, that Plaintiff will receive such a sanction is speculative. (Def. Ltr. at 2). The Court agrees that on its face, Plaintiff's stated harm—his post-release supervision being rescinded and his subsequent incarceration—is speculative and therefore does not constitute irreparable injury. *See JTH Tax*, 62 F.4th at 672.

    II.    <u>Likelihood of Success on the Merits</u>

Plaintiff fails to demonstrate a likelihood of success on the merits. Plaintiff's entire application, an unverified amended complaint and two letters, is devoid of the type of evidence needed to support his extraordinary request. The Court, in any event, will likely have to abstain from exercising jurisdiction over Plaintiff's claims pursuant to the *Younger* abstention doctrine.

"*Younger* abstention provides that 'federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings.'" *Deem v. DiMella-Deem*, No. 18-CV-11889, 2019 WL 1958107, at *11 (S.D.N.Y. May 2, 2019), *aff'd*, 800 F. App'x 62 (2d Cir. 2020). "*Younger* abstention is appropriate when there is an ongoing, parallel state court proceeding which falls into one of three categories: (i) 'state criminal prosecutions,' (ii) 'certain civil enforcement proceedings,' and (iii) 'civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Kelsey v. Sherman*, No. 22-CV-01934, 2024 WL 3498052, at *5 (S.D.N.Y. July 22, 2024) (citing *Sprint Comm'cns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)). "The pending state proceeding must provide an 'adequate opportunity for judicial review—including for any claims of constitutional violations.'" *Id.* (quoting *Fischman v.*

*Murphy*, No. 21-2326, 2022 WL 4479523, at *2 (2d Cir. Sept. 27, 2022)). The Court may also consider whether "there is (1) an ongoing state judicial proceeding that (2) implicates important state interests and (3) provides an adequate opportunity to raise federal challenges." *Id*. (citing *Sprint Comm'cns, Inc.*, 571 U.S. at 81). "When the requirements for *Younger* abstention are met, its application is mandatory and deprives the court of subject matter jurisdiction." *Id*. (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 816 n.22 (1976)).

Here, Plaintiff asks the Court to interfere with and enjoin his parole revocation hearing scheduled for February 27, 2025. The *Younger* abstention doctrine has been expanded to apply to civil enforcement proceedings that are "akin to criminal prosecutions," *Sprint Comm'cns, Inc.*, 571 U.S. at 70, and courts have found that "parole revocation proceedings are akin to a criminal prosecution," *Brickhouse v. DuBois*, No. 20-CV-04759, 2020 WL 4676476, at *3 (S.D.N.Y. Aug. 11, 2020). Additionally, Plaintiff may assert constitutional challenges to his parole conditions by hearing or special proceeding under New York CPLR Article 78.[4] *See Karlin v. Stanford*, 209 A.D.3d 1189, 1190 (Oct. 27, 2022), *aff'd*, 42 N.Y.3d 1015 (July 31, 2024). That Plaintiff has been unsuccessful raising these issues in state court thus far is not evidence that those state court proceedings are an inadequate opportunity for judicial review.

Plaintiff has not demonstrated any "special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate" that would create an exception to the *Younger* abstention doctrine. *Brickhouse*, 2020 WL 4676476, at *3; *see also Kirschner v. Klemons*, 225 F.3d 227, 234 (2d Cir. 2000). Plaintiff asserts that the parole conditions

---

[4] Plaintiff has utilized this procedure in the past. Plaintiff attaches as exhibits to his complaint a decision of the Supreme Court of the State of New York, County of Dutchess, denying his Article 78 petition challenging certain parole conditions as unconstitutional, as well as a decision of the Second Department affirming that judgment. (Doc. 1 at 69-80 (citing *Kelsey v. Kemp*, Index No. 2022-394, slip. op. (Sup. Ct. Dutchess Cty. Aug. 2, 2022), *aff'd*, 228 A.D.3d 757, 758 (2d Dept. 2024))).

that he has been charged with violating are unconstitutional. (Pl. Ltr. at 2). However, "[a] state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002). Moreover, Plaintiff offers no judicial or legal authority in support of his argument that Defendants' requests for extensions of time to respond to the complaint in this action caused a delay which constitutes exceptional circumstances under *Younger*. (Pl. Reply at 1).[5]

On this record, the requirements for *Younger* abstention are met and the Court will undoubtedly abstain from hearing Plaintiff's claims. Plaintiff, accordingly, has not shown a likelihood of success on the merits to warrant issuance of a temporary restraining order.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for a temporary restraining order is DENIED.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED:

Dated: White Plains, New York
      February 19, 2025

Philip M. Halpern
United States District Judge

---

[5] Indeed, Plaintiff informed the Court at the February 18 conference that he has not even sought an adjournment of the parole hearing pending the determination of this motion and/or action.