UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL N. KELSEY,

                      Plaintiff,

                -against-

MARIA ROSA, et al.,

                      Defendants.

ORDER

24-CV-05179 (PMH)

PHILIP M. HALPERN, United States District Judge:

On January 30, 2025, Plaintiff filed a letter seeking the issuance of a temporary restraining order. (Doc. 43). Defendants opposed Plaintiff's request for a temporary restraining order on February 5, 2025 (Doc. 50), Plaintiff filed a letter reply to Defendants' opposition on February 18, 2025 (Doc. 53), and the Court held a telephonic conference on the matter on February 18, 2025. On February 19, 2025, the Court denied Plaintiff's motion. (Doc. 54).

On April 23, 2025, Plaintiff filed a letter requesting that the Court "rescind and reconsider [the] February 20, 2025 Order denying relief for [his] motion seeking a TRO" (Docs. 62, 63). *Ellis v. Kim*, No. 23-CV-05309, 2024 WL 4882702, at *4 (S.D.N.Y. Nov. 25, 2024) ("[U]nder the prison mailbox rule, the date of filing is deemed to be the date that the prisoner-plaintiff delivered his complaint to a prison guard for mailing to the court, which is presumed to be the date that the complaint was signed."); *see also Walker v. Jastremski*, 430 F.3d 560, 561 (2d Cir. 2005) (explaining prison mailbox rule). As no judgment has been entered in the case, and the February 19, 2025 Order denying Plaintiff's application for a temporary restraining order is interlocutory and not a final order, the motion cannot be one under Rule 59(e) or 60(b). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a *judgment* must be filed no later than 28 days after the entry of the judgment." (emphasis added)); Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may

1

relieve a party or its legal representative from a *final* judgment, order, or proceeding. . . ." (emphasis added)); *see also Micolo v. Fuller*, No. 15-CV-06374, 2017 WL 2297026, at *1 (W.D.N.Y. May 25, 2017) (collecting cases). Thus, giving every benefit to Plaintiff, the Court will construe Plaintiff's letter as a motion for reconsideration under Local Civil Rule 6.3.

Under Local Civil Rule 6.3, "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Plaintiff never filed a notice of motion for reconsideration. However, even if the Court were to construe Plaintiff's letter as a sufficient alternative to the dictate in the rule that a notice of motion is required, his letter was still filed more than fourteen days after the Court's February 19, 2025 Order. Accordingly, Plaintiff's motion for reconsideration is denied as untimely. *See McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) ("As numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion.").

For the foregoing reasons, Plaintiff's letter requesting reconsideration of the Court's February 19, 2025 Order is DENIED.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

Dated: White Plains, New York
       May 2, 2025

SO ORDERED:

_____
Philip M. Halpern
United States District Judge