UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL N. KELSEY,

                             Plaintiff,

              -against-

MARIA ROSA, et al.,

                             Defendants.

**ORDER**

24-CV-05179 (PMH)

PHILIP M. HALPERN, United States District Judge:

Michael Kelsey ("Plaintiff"), proceeding *pro se*, brings this action against Maria Rosa, Jessica Segal, Francesca Connolly, Joseph Maltese, Linda Christopher, Carl Landicino, Zaira Serrano, Sheila Jackson, Sabrina Wynns, Christopher Miller, Joy Johnson, Lamarr Banks, Veronica Ahumada, Christi Acker, and New York State Department of Corrections and Community Supervision ("DOCCS" and collectively, "Defendants"), challenging the constitutionality of certain post-release supervision conditions. (Doc. 13).

On December 9, 2024, the Court granted Defendants leave to move to dismiss the complaint. (Doc. 35).[1] On January 30, 2025, Plaintiff filed a letter seeking the issuance of a temporary restraining order prohibiting DOCCS personnel from holding a final revocation hearing and/or prohibiting Defendants from testifying at any hearing held prior to the Court's resolution of the motion to dismiss in this case (the "Initial TRO Request"). (Doc. 43). By Order dated February 19, 2025, after considering the parties' briefing (Docs. 43, 50, 53) and hearing argument (*see* Feb. 18 Min. Entry), the Court construed the parties' letters as their respective motion papers

---

[1] That motion is now fully briefed and *sub judice*. (*See* Docs. 44-48, 55, 58).

and denied Plaintiff's request for a temporary restraining order. (Doc. 54, the "Feb. 19, 2025 Order").[2]

On February 27, 2025, the revocation hearing that was the subject of Plaintiff's Initial TRO Request took place. (Doc. 65 at 2). As a result of this hearing, on April 9, 2025, a DOCCS Administrative Law Judge ("ALJ") issued an Order finding Plaintiff guilty of violating certain conditions of his post-release supervision and sentenced Plaintiff to 48 months of incarceration (the "April 9, 2025 DOCCS Order"). (*Id.*). Accordingly, Plaintiff is currently in DOCCS custody at the Dutchess County Jail. (Doc. 59 at 1).

On April 24, 2025, Plaintiff filed a letter seeking the issuance of a temporary restraining order "staying and repealing" the April 9, 2025 DOCCS Order. Plaintiff effectively seeks his release from prison during the pendency of this action. (*See generally* Doc. 59).[3] Defendants opposed Plaintiff's request on May 5, 2025 (Doc. 65), and the Court held a telephonic conference on the matter on June 24, 2025. (*See* June 24 Min. Entry).

The Court construes Plaintiff's initial letter (Doc. 59, "Pl. Ltr.")[4] as his motion for a temporary restraining order, and Defendants' response letter (Doc. 65, "Def. Ltr.") as their opposition. After considering the parties' arguments made at the conference, the Court DENIES

---

[2] On April 29, 2025, Plaintiff filed a letter requesting reconsideration of the Feb. 19, 2025 Order (Doc. 62), which the Court denied on May 5, 2025 (Doc. 64). On May 6, 2025, Plaintiff filed a Notice of Interlocutory Appeal of the Court's February 19, 2025 Order to the Second Circuit Court of Appeals. (Doc. 68). Plaintiff's appeal is pending as of the date of this Order. (*See generally* Docket No. 25-1203).

[3] Pursuant to Rule 4(F) of this Court's Individual Practices, a motion for a temporary restraining order should be brought by Order to Show Cause. However, as discussed *infra*, the Court construes Plaintiff's letter as his motion for a temporary restraining order.

[4] Upon review of Plaintiff's initial letter, the ECF version of the filing was missing a page. (*See* Pl. Ltr.). As such, the Court directed Defendants to file a corrected version of Plaintiff's letter (Doc. 79, "Pl. Ltr. Corrected"), and the Court considers both Doc. 59 and Doc. 79 as Plaintiff's motion for a temporary restraining order.

the motion for a temporary restraining order. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011); *see also Brown v. New York*, 2022 WL 221343, at *2 (2d Cir. Jan. 26, 2022).

## ANALYSIS

"It is well established that in this Circuit the standard for an entry of a [temporary restraining order] is the same as for a preliminary injunction." *Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020) (quoting *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008)). "A preliminary injunction 'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007). "When a preliminary injunction will affect government action taken in the public interest pursuant to a statute or regulatory scheme, the moving party must demonstrate (1) irreparable harm absent injunctive relief, (2) a likelihood of success on the merits, and (3) public interest weighing in favor of granting the injunction."[5] *Keil v. City of New York*, No. 21-3043, 2022 WL 619694, at *1 (2d Cir. Mar. 3, 2022).

"The typical preliminary injunction is prohibitory and generally seeks only to maintain the status quo pending a trial on the merits." *Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 34 (2d Cir. 1995). "A mandatory injunction, in contrast, is said to alter the status quo by commanding some positive act." *Id.* "This distinction is important because [the Second Circuit has] held that a mandatory injunction should issue 'only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.'" *Id.* "In other words, the movant is held to a heightened standard and must show a 'clear' or 'substantial' likelihood of success on the merits, and must make a 'strong showing' of irreparable harm, in addition to showing that the preliminary injunction is in

---

[5] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

the public interest." *Isaac v. Schiff*, No. 21-CV-11078, 2022 WL 3290679, at *1 (S.D.N.Y. Aug. 11, 2022) (quoting *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015)); *see also JTH Tax, LLC v. Agnant*, 62 F.4th 658, 667 (2d Cir. 2023) ("A heightened standard is imposed, in part, because injunctions of those sorts tend to be particularly burdensome to the defendants subject to them."). "The 'clear' or 'substantial' showing requirement—the variation in language does not reflect a variation in meaning—thus alters the traditional formula by requiring that the movant demonstrate a greater likelihood of success." *Tom Doherty Assocs.*, 60 F.3d at 34.

Here, Plaintiff's final revocation hearing took place on February 27, 2025. (Def. Ltr. at 2). The April 9, 2025 DOCCS Order stemming from that hearing resulted in Plaintiff's incarceration at the Dutchess County Jail. (Pl. Ltr. at 1, 3; Def. Ltr. at 2). Given that Plaintiff seeks a "stay and repeal" of the April 9, 2025 DOCCS Order, which, according to him would effectively result in his release from custody, the Court applies the heightened standard for mandatory injunctions. The Court, in reviewing Plaintiff's motion, believes that Plaintiff is requesting the Court "command[] some positive act" as opposed to simply maintaining the status quo. For the reasons set forth herein, Plaintiff is not entitled to the relief he seeks.

Defendants argue that Plaintiff's motion for a temporary restraining order fails because (i) Defendants do not have the official capacity necessary to provide the relief Plaintiff seeks; and (ii) in any event, Plaintiff fails to demonstrate a likelihood of success on the merits because the Court should either abstain from entertaining such relief pursuant to the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), or, refuse to hear the matter until Plaintiff has exhausted all of his administrative and state court remedies pursuant to the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). (Def. Ltr. at 2-5).[6]

---

[6] *Younger* abstention and the *Heck* doctrine may be consecutively applied in situations where the plaintiff's circumstances have changed through the pendency of the litigation. *See Parson v. Barrett*, No. 14-CV-

The Court agrees.

I.     Defendants Lack Sufficient Capacity or Authority to Compel the Relief Requested

At the outset, to grant a temporary restraining order, the Court must be able to effectuate the relief sought and thus, Defendants must have the "authority to perform the required act." *Loren v. Levy*, No. 00-CV-07687, 2003 WL 1702004, at *11 (S.D.N.Y. Mar. 31, 2003); *Blackburn v. Goodwin*, 608 F.2d 919, 925 (2d Cir. 1979). Here, according to Plaintiff and if granted in full, Plaintiff's "stay and repeal" temporary injunction would result in his release from DOCCS custody. There is no indication in the record that any of the Defendants, consisting of judicial officers and parole officials, including Bureau Chief Zaira Serrano and Senior Parole Officer Sabrina Wynns, have the jurisdiction, capacity and/or authority to compel Plaintiff's release from DOCCS custody. Accordingly, the Court denies Plaintiff's application on this ground alone.

II.    Temporary Restraining Order Likelihood of Success

A temporary restraining order on this record cannot issue because there is no likelihood of success on the merits. The Court will likely have to abstain from exercising jurisdiction over Plaintiff's claims pursuant to both the *Younger* abstention doctrine and the rule of *Heck v. Humphrey*, both of which foreclose a finding of likelihood of success on the merits.

---

01431, 2015 WL 5055279, at *2 (N.D.N.Y. May 21, 2015), *adopted by*, 2015 WL 5062363 (N.D.N.Y. Aug. 26, 2015) (applying both *Younger* and *Heck* in the alternative, holding first that *Younger* abstention was appropriate due to the ongoing state proceeding, then stating "even if Plaintiff's criminal prosecution were complete, his § 1983 claims would nevertheless be barred" under *Heck* for failure to show the "conviction" or "sentence" was overturned); *see also Jones v. Cuomo*, No. 17-CV-771S, 2017 WL 4639714, at * 2 (W.D.N.Y. Oct. 17, 2017). Plaintiff was not incarcerated until April 9, 2025 (*see* Doc. 73). Arguably *Younger* applied until then. Once incarcerated, the *Heck* doctrine came into effect. As a practical matter, rather than consider the nuances associated with when each doctrine is applicable, the Court considers Plaintiff's application under both doctrines.

A. *Younger* Abstention

"*Younger* abstention provides that 'federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings.'" *Deem v. DiMella-Deem*, No. 18-CV-11889, 2019 WL 1958107, at *11 (S.D.N.Y. May 2, 2019), *aff'd*, 800 F. App'x 62 (2d Cir. 2020). "*Younger* abstention is appropriate when there is an ongoing, parallel state court proceeding which falls into one of three categories: (i) 'state criminal prosecutions,' (ii) 'certain civil enforcement proceedings,' and (iii) 'civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Kelsey v. Sherman*, No. 22-CV-01934, 2024 WL 3498052, at *5 (S.D.N.Y. July 22, 2024) (citing *Sprint Comm'cns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)). "The pending state proceeding must provide an 'adequate opportunity for judicial review—including for any claims of constitutional violations.'" *Id*. (quoting *Fischman v. Murphy*, No. 21-2326, 2022 WL 4479523, at *2 (2d Cir. Sept. 27, 2022)). The Court may also consider whether "there is (1) an ongoing state judicial proceeding that (2) implicates important state interests and (3) provides an adequate opportunity to raise federal challenges." *Id*. (citing *Sprint Comm'cns, Inc.*, 571 U.S. at 81). "When the requirements for *Younger* abstention are met, its application is mandatory and deprives the court of subject matter jurisdiction." *Id*. (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 816 n.22 (1976)).

Here, Plaintiff asks the Court to "stay and repeal" the April 9, 2025 DOCCS Order and release Plaintiff from custody. As detailed in this Court's February 19, 2025 Order, the *Younger* abstention doctrine has been expanded to apply to civil enforcement proceedings that are "akin to criminal prosecutions," *Sprint Comm'cns, Inc.*, 571 U.S. at 70, and courts have found that "parole revocation proceedings are akin to a criminal prosecution," *Brickhouse v. DuBois*, No. 20-CV-04759, 2020 WL 4676476, at *3 (S.D.N.Y. Aug. 11, 2020). Additionally, Plaintiff may

subsequently assert constitutional challenges to the April 9, 2025 DOCCS Order administratively and by special proceeding under New York CPLR Article 78. *See People ex rel. Charleston v. N.Y.S. Div. of Parole*, 280 A.D.2d 348, 348 (1st Dep't 2001) (alleged "errors" occurred at the parole revocation hearing "could have been remedied by means of an administrative appeal"); *see generally People ex rel. Otero v. N.Y.S. Dep't of Corr. and Comm. Supervision*, 40 Misc.3d 1234(A), at *2 (N.Y. Sup. Ct. Bronx Cnty. 2013).

During the June 24, 2025 telephonic conference, Plaintiff represented that he has appealed the April 9, 2025 DOCCS Order and plans to challenge any resulting order through a New York CPLR Article 78 special proceeding. Such proceedings, stemming from the parole revocation hearing, are sufficiently "akin to criminal proceedings," to warrant abstention under the *Younger* doctrine. *See Brickhouse*, 2020 WL 4676476, at *3. Plaintiff has also filed a state *habeas corpus* proceeding pending before Justice Davis in Dutchess County Supreme Court *(see Michael N. Kelsey v. Kirk Imperati, Sheriff, et al.*, Index No. 2025-00569). Here too, *Younger* principles require abstention.

The narrow exceptions to the *Younger* abstention doctrine would not apply, because Plaintiff has not demonstrated any "special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate." *Brickhouse*, 2020 WL 4676476, at *3; *see also Kirschner v. Klemons*, 225 F.3d 227, 234 (2d Cir. 2000). Plaintiff asserts that the parole conditions that he has been charged with violating are unconstitutional. (Pl. Ltr. Corrected at 5-8). However, "[a] state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002). Similarly, Plaintiff has failed to make a "clear showing" that his incarceration,

standing alone, constitutes "great and immediate harm," sufficient to show "irreparable injury." *See Peralta v. Leavitt*, 56 Fed. App'x 534, 535 (2d Cir. 2003). Specifically, Plaintiff will be in custody for a period of 48 months, and as "length of a detention period will rarely by itself offend due process," the Court holds that Plaintiff's incarceration is insufficient to constitute the requisite "extraordinary circumstances" to warrant intervention. *See Jordan v. Bailey*, 570 Fed. App'x 42, 44-45 (2d Cir. 2014) (quoting *United States v. Orena*, 986 F.2d 628, 631 (2d Cir. 1993)).

Accordingly, because it appears that Plaintiff's claims are likely barred by *Younger*, Plaintiff cannot establish a likelihood of success on the merits which is fatal to his requested injunction.

B. *Heck* Doctrine

In any event, and since Plaintiff is now in jail, Plaintiff's claims are also likely barred by operation of the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* and its progeny require that where an incarcerated individual seeks to challenge their confinement, they must first exhaust all available state remedies, and then pursue relief through federal *habeas corpus*. *Id.* at 484; *Wilkinson v. Dotson,* 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The availability of § 1983 actions is therefore restricted. Specifically, relief pursuant to § 1983 is only permissible where the plaintiff can show that his "conviction" or "sentence" has been invalidated. *See Parson*, 2015 WL 5055279, at *2. Since Plaintiff's conviction has not been invalidated, Plaintiff's claims would likely also be barred by *Heck* and its progeny. *See Jones v. Cuomo*, 2017 WL 4639714, at * 2 ("[B]ecause a decision in Plaintiff's favor would invalidate his civil confinement" his claims are barred by *Heck*, which bars § 1983 challenges that "would invalidate involuntary confinement or retention."); *Dawson v. Lippiccolo*, 590 F. Supp. 3d

8

514, 517-18 (E.D.N.Y. 2022); *Jackson v. New York*, No. 23-CV-06405, 2023 WL 7173448, at *2 (W.D.N.Y. Sept. 25, 2023).

Accordingly, because it appears that Plaintiff's claims are likely barred by *Heck* and its progeny, Plaintiff cannot establish a likelihood of success on the merits which is fatal to his requested injunction.

## **CONCLUSION**

On this record, as Defendants do not have the capacity or authority to implement the relief requested, Plaintiff's application for a temporary restraining order must be denied. Separately, because the requirements for *Younger* abstention are met, and a decision in Plaintiff's favor would invalidate his confinement and thus be barred by *Heck*, the Court will undoubtedly abstain from hearing Plaintiff's claims. Plaintiff, accordingly, has not met his burden for the issuance of a temporary restraining order.

For the foregoing reasons, Plaintiff's application for a temporary restraining order is DENIED.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff.

**SO ORDERED:**

Dated: White Plains, New York
      June 27, 2025

Philip M. Halpern
United States District Judge