UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL N. KELSEY,

               Plaintiff,

-against-

MARIA ROSA, et al.,

               Defendants.

**<u>ORDER</u>**

24-CV-05179 (PMH)

PHILIP M. HALPERN, United States District Judge:

On May 6, 2025, Plaintiff filed an interlocutory appeal (Doc. 68) of the Court's February 19, 2025 Order (Doc. 54). (*See* Second Circuit Court of Appeals Docket No. 25-1203, the "Lead Appeal"). On August 21, 2025, Plaintiff filed a "Notice of Interlocutory Appeal" (Doc. 88, the "Notice of Appeal") of the Court's June 27, 2025 Order (Doc. 81). (*See* Second Circuit Court of Appeals Docket No. 25-2132, the "Consolidated Appeal"). Plaintiff's Notice of Appeal included a request to "excuse [the] late filing of this Notice of Appeal" because Plaintiff was "misled by the 2nd Circuit's dismissal of an earlier appeal filed in this case that claimed the Court had not the jurisdiction to proceed in this case due to an inability to decide interlocutory appeals." (Doc. 88). On March 20, 2026, a three-judge panel of the Second Circuit dismissed the Lead Appeal; determined the Consolidated Appeal was properly appealable as "the denial of an injunction under 28 U.S.C. § 1292(a)(1)"; and directed this Court to "consider whether to grant [Plaintiff] an extension of time to appeal" this Court's June 27, 2025 Order. (Doc. 90, "Order of USCA").

On March 24, 2026, the Court directed: (i) Plaintiff to "supplement[] his request to 'excuse [his] late filing of th[e] Notice of Appeal . . . and explain[] his entitlement to a *nunc pro tunc* extension of time to appeal pursuant to Fed. R. App. P. 4(a)(5)"; (ii) Defendants to respond to Plaintiff's application; and (iii) Plaintiff to file a reply to Defendants' opposition. (Doc. 91).

1

Following a brief extension (*see* Doc. 93), Plaintiff's supplemental letter was filed on May 4, 2026 (Doc. 95, "Pl. Br."); Defendants' letter in opposition was filed on May 18, 2026 (Doc. 96, "Def. Br."); and Plaintiff's letter in reply was filed on June 1, 2026 (Doc. 97, "Reply"). The Court construes the Parties' respective letters as the motion briefing papers themselves. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011).

For the reasons set forth below, Plaintiff's motion for extension of time to file the notice of appeal is GRANTED.

## ANALYSIS

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a)(1). Rule 4, in turn, requires that "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). This Court may, however, extend a party's time to file a notice of appeal when:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

Excusable neglect and good cause are two distinct standards and therefore may not be used interchangeably. *See Alexander v. Saul*, 5 F.4th 139, 147 (2nd Cir. 2021). "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The 'good cause' standard,

in contrast, applies in situations in which there is no fault—excusable or otherwise, such as when the Postal Service fails to deliver a notice to appeal." *Id.*

Defendant argues that the Court should analyze Plaintiff's application under the "excusable neglect" standard, as Plaintiff "claims a misunderstanding of the law." (Def. Br. at 3). Plaintiff argues, that his "neglect to timely file was mistake of law and confusion as to the Court of Appeal dismissal." (Reply at 2). Therefore, "[w]hether characterized as 'inadvertence, mistake, or carelessness,' this error constitutes neglect," and the Court conducts the analysis pursuant to the multi-factor "excusable neglect" test. *See Cano v. SEIU, Local 32BJ*, No. 19-CV-08810, 2023 WL 6541773 at *1 (S.D.N.Y. Sept. 5, 2023).

The burden of proving excusable neglect lies with the moving party. *See Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 121 (2d Cir. 2005). Under this standard, courts consider four factors: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Alexander*, 5 F.4th at 148 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). It is also important to note that courts give the third factor, the "reason for the delay," "dispositive weight" in the analysis, often moving in favor of the non-movant even if the other three factors favor the party seeking extension. *Alexander*, 5 F.4th at 149.

Despite this strict standard, "a notice of appeal filed by a *pro se* litigant must be viewed liberally," *Grune v. Coughlin*, 913 F.2d 41, 43 (2d Cir.1990), as "[t]he federal rules are complex, and the court may find excusable neglect in a pro se litigant's confusion about how they work." *Cano*, 2023 WL 6541773 at *2 (quoting *Whitfield v. Howard*, 852 F.3d 656, 660–61 (7th Cir.

2017)). Further, "[a]lthough ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, courts have given weight to the fact that a litigant is *pro se* when determining whether neglect is excusable." *Id.* at *2 (citation modified).

As an initial matter, Plaintiff's motion for leave to file a late notice of appeal was timely filed. Plaintiff's application for a temporary restraining order was decided by Order of the Court on June 27, 2025. (Doc. 81). Plaintiff therefore had until July 28, 2025, to file a timely notice of appeal within the initial 30-day time period, or until August 27, 2025 to fall within the 30-day grace period. *See* Fed. R. App. P. 4(a)(5)(A). Plaintiff filed the Notice of Appeal on August 21, 2025 (*see* Doc. 88),[1] which the Court construes as his motion for leave to file a late notice of appeal. S*ee Campos v. LeFevre*, 825 F.2d 671, 676 (2d Cir. 1987) ("[W]hile a 'motion' is required by the rule to request an extension of time, no particular form of words is necessary to render a filing a 'motion.' Any submission signed by a party that may fairly be read as a request to the district court to exercise its discretionary powers to permit a late appeal should suffice."). Accordingly, this sufficiently places Plaintiff's request for an extension within the 60-day time frame in which he may move for an extension of time, and the Court moves on to the multi-factor excusable neglect test as set forth in *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

The Court acknowledges that Plaintiff filed his motion towards the very end of the 30-day grace period. Nevertheless, the first and second factors weigh slightly in favor of Plaintiff, or at

---

[1] Pursuant to the prison mailbox rule, which applies here, a *pro se* incarcerated individual's filing is deemed filed on the date it is signed and given to correctional authorities for mailing. *See Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) ("[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing."). While Plaintiff's Notice of Appeal is dated August 21, 2025, it was stamped by the *Pro Se* Clerk's Office on September 3, 2025, and appears to be postmarked as of August 29, 2025. (Doc. 88). However, Plaintiff, in reply, confirms via sworn declaration, that he "submitted [the Notice of Appeal] to jail officials within the 30-day grace period for filing." (Reply at 4). Accordingly, and there being no sufficient "contrary evidence," the Court deems Plaintiff's Notice of Appeal filed on the date it was signed, August 21, 2025, making the filing timely. *See* Fed. R. App. P. 4(a)(5)(A).

4

the very least, are neutral, as the danger of prejudice to Defendants is not overly substantial and the delay is minimal. *See Cano*, 2023 WL 6541773, at *2. Similarly, the fourth factor also favors Plaintiff as there is no indication that his failure to meet the deadline was motivated by bad faith. Thus, the dispositive issue at hand is the third factor, specifically, Plaintiff's reason for delay. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

Plaintiff claims that his delay was due to distractions stemming from his home catching on fire during this time frame and his mother's declining health, though the "chief reason" for the delay was his "confusion with 2nd circuit dockets/dismissal decrees compounded by his incarceration and unfamiliarity/confusion with federal law" and the rules concerning interlocutory appeals. (Pl. Br. at 3-5; Reply at 3). The Court notes that "mistakes construing the rules do not usually constitute excusable neglect," *see Cano*, 2023 WL 6541773 at *2, and recognizes that Plaintiff, despite his *pro se* status, has previously filed multiple notices of appeal, both in the instant action (*see* Docs. 34, 68) and a previous action before this Court, *see Kelsey v. Kessel*, No. 22-CV-03774, 2024 WL 4482383 (S.D.N.Y. Sep. 12, 2024), which would seem to cut against Plaintiff's assertion of "confusion." Nevertheless, upon review of the papers, the minimal, if any, prejudice to Defendants, and considering Plaintiff's *pro se* status, the Court accepts Plaintiff's demonstration of neglect as excusable.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for an extension of time to file a notice of appeal is GRANTED. Specifically, the Court GRANTS Plaintiff's application *nunc pro tunc*, and deems Plaintiff's notice of appeal filed on August 21, 2025 as timely filed. (*See* Doc. 88).

The Second Circuit directed Plaintiff to "notify this Court of the district court's decision within 30 days of its entry on the district court docket." (*See* Order of USCA; Doc. 94). The Second

Circuit further provided that "[a]ny further proceedings in this matter will be assigned to a new panel in the normal course." (*Id.*).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff.

**SO ORDERED:**

Dated: White Plains, New York
June 8, 2026

_____
Philip M. Halpern
United States District Judge